Filed 8/5/25  Severo v. Forest River CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHAEL V. SEVERO, JR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> FOREST RIVER, INC., <br><br> Defendant and Respondent. | B336863 <br><br> (Los Angeles County <br> Super. Ct. No. 23NWCV01462) |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge. Reversed and remanded.

Lawrence J. Hutchens and Shay Dinata-Hanson for Plaintiff and Appellant.

Phillips, Spallas & Angstadt, Michael R. Halvorsen and Matthew A. Gardner for Defendant and Respondent.

_____

In this case, we reverse and remand the trial court's ruling granting a motion to transfer venue to Indiana of a lawsuit alleging violations under the Song-Beverly Consumer Warranty Act (Song-Beverly Act; Civ. Code, § 1790 et seq.). The trial court erred in its application of the legal standard and in its conclusion that a stipulation to apply California law and concomitant stay of the action would remedy the waiver of unwaivable rights.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael V. Severo, Jr., filed a complaint for damages against Forest River, Inc., and related defendants (Forest River) on May 11, 2023. The complaint alleged a single cause of action under the Song-Beverly Act. Severo alleged he purchased a trailer with a total price of $230,840.80, but Forest River and its authorized repair facilities failed to either perform all necessary repairs to correct its defects or replace it, thereby breaching the express and implied warranties of merchantability.

Forest River then filed a motion to stay the action on the ground that California was an inconvenient forum, contending that exclusive jurisdiction for the case was in the state of Indiana. Forest River contended that in the Limited Motorized Warranty applicable to this sale, there was a forum selection clause that advised purchasers, in all caps and boldface, that "exclusive jurisdiction for deciding legal disputes relating to this limited warranty, an alleged breach of warranty, breach of implied warranties, or representations of any kind must be filed in the courts within the state of Indiana."

In the motion, Forest River argued that because the forum selection clause at issue was mandatory, Severo bore the burden of proof to demonstrate that enforcement of the clause is unreasonable. However, it conceded later in its brief that

"[Severo] may fear he could lose rights he might assert under Song-Beverly if the forum selection clause in Forest River's Limited Warranty is enforced." (Capitalization omitted.) Forest River recognized that "the California Legislature made, with certain exceptions, a buyer's rights under Song-Beverly essentially unwaivable. [Citation.] Therefore, to allay any concerns in that regard, Forest River will stipulate by this motion that Song-Beverly will apply to [Severo's] warranty claims pursued in an action in Indiana and that [it] will not oppose a request that the Indiana court utilize Song-Beverly to adjudicate those allegations," citing *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141 (*Verdugo*).

Severo opposed the motion to stay, pointing out that the correct standard for ruling on such a motion in the context of a case involving unwaivable rights created by California statutes placed the burden of proof on the defendant, not the plaintiff. Severo also argued that Forest River's offer to stipulate to apply California law did not cure the unenforceability of the choice of law and forum selection clause. Both in his opposition and at oral argument, Severo's counsel stated that he did not accept the stipulation.[1]

The trial court granted the motion. The trial court correctly noted that the burden of proof was on Forest River " 'when the claims at issue are based on unwaivable rights created by California statutes,' " quoting *Verdugo, supra,* 237 Cal.App.4th at

---

[1] Although Severo argued below that he had not freely and voluntarily signed the forum selection agreement, he does not make that argument on appeal, so we do not further discuss it.

page 147. The trial court concluded that Forest River had met its burden "because [Severo's] Song-Beverly Act rights can be readily preserved, and the forum selection clause is not unconscionable." The court concluded that Severo's concern about whether California law will be applied in Indiana could "be remedied by staying this matter while the Indiana case is pending and should the Indiana court decline to apply the Song-Beverly Act, then [Severo] can move to lift the stay on this matter."

Severo timely appealed.

## DISCUSSION

### I.     Applicable Law and Standard of Review

We review an order enforcing a forum selection clause for abuse of discretion. (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9 (*America Online*); *Verdugo*, *supra*, 237 Cal.App.4th at p. 148.) However, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.) The question of whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law, which is reviewed de novo. (*Ibid.*)

" 'California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable. . . .' [¶] However, 'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.' " (*G Companies Management, LLC v. LREP Arizona, LLC* (2023) 88 Cal.App.5th 342, 350, citations omitted.)

4

Thus, while ordinarily the party opposing enforcement of a forum selection clause bears the " ' "substantial" burden' " of proving why it should not be enforced, that burden is reversed "when the claims at issue are based on unwaivable rights created by California statutes." (*Verdugo, supra,* 237 Cal.App.4th at p. 147; *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1521–1522 (*Wimsatt*).)

The Song-Beverly Act is a California statute that has created unwaivable rights and thus, the burden is on the party seeking to enforce the forum selection clause. (Civ. Code, § 1790.1 ["Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void."]; *Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1034 (*Rheinhart*) [finding that the Song-Beverly Act has a broad anti-waiver provision and applying the standard articulated in *Verdugo* and *Wimsatt*].)

Where unwaivable claims are at issue, a defendant has the burden " 'to prove that enforcement of the forum selection clause would not result in a significant diminution of rights to California consumers.' " (*Verdugo, supra*, 237 Cal.App.4th at p. 150; see also *Rheinhart, supra,* 92 Cal.App.5th at pp. 1034–1035.) To meet this burden, Forest River had to show that the Indiana court would provide " 'the same or greater rights than California' or would 'apply California law on the claims at issue.' " (*Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, 818 (*Lathrop*), review granted Jan. 15, 2025, S287893; *Verdugo*, at p. 157.)

## II. The Lower Court Erred in Its Application of the Correct Legal Standard in Exercising Its Discretion

The trial court here correctly put the burden on Forest River, but it then used the wrong standard in assessing whether Forest River met that burden.

In its ruling, the trial court held that "[Forest River] has met its burden of proving that the forum selection clause is enforceable because [Severo's] Song-Beverly Act rights can be readily preserved." The trial court then turned immediately to the stipulation offered by Forest River: "[Severo] argues that a stipulation to not oppose applying the Song-Beverly Act in Indiana will not preserve [Severo's] rights because the Indiana court must determine whether to apply California Song-Beverly Act [*sic*] to the matter in Indiana. However, this concern can be remedied by staying this matter while the Indiana case is pending and should the Indiana court decline to apply the Song-Beverly Act, then [Severo] can move to lift the stay on this matter."

This conclusion does not withstand scrutiny as it is directly contrary to California public policy. As we explain in part IV, *post*, rewriting a contract to conform to California law only after a party has sued does not further the interests of justice; it does not protect those consumers who, unaware of their unwaivable rights, either file suit in Indiana or are dissuaded from filing suit at all because of the forum selection clause, and it does nothing to provide an incentive to the company to modify its warranty to comply with California law.

## III. The Stipulation and Stay of the Action Do Not Cure the Defect

Two cases have recently concluded that an offer not to oppose the use of California law in Indiana as proposed by Forest

6

River does not cure the defect with the forum selection clause at issue in the context presented here. (*Lathrop, supra,* 105 Cal.App.5th at p. 820, review granted; *Hardy v. Forest River, Inc.* (2025) 108 Cal.App.5th 450, 460 (*Hardy*), review granted Apr. 30, 2025, S289309.)[2] We find them persuasive and adopt the same reasoning.

First, we note, as did the court in *Hardy,* that the request to stay the action pending transfer to Indiana to allow the Indiana court to apply California law is effectively a request to sever the choice of law provision from the agreement and enforce

---

[2] The California Supreme Court granted review of *Lathrop* and *Hardy* with briefing deferred pending decision in *EpicentRx, Inc. v. Superior Court* (2023) 95 Cal.App.5th 890, review granted December 13, 2023, S282521. Subsequently, the Supreme Court issued its ruling in *EpicentRx*, holding that a "forum selection clause is not unenforceable simply because it requires the parties to litigate in a jurisdiction that does not afford civil litigants the same right to trial by jury as litigants in California courts enjoy." (*EpicentRx, Inc. v. Superior Court* (July 21, 2025, S282521) __Cal.5th __ [2025 WL 2027272, *1].) But the Supreme Court left standing cases, including several discussed in this opinion, which struck down forum selection clauses based on substantive, *statutory* provisions rendering void the waiver of specific rights. (*EpicentRx, supra,* at pp. *10-*12 [distinguishing *Wimsatt, supra,* 32 Cal.App.4th at p. 1520 [Franchise Investment Law; Corp. Code, § 31512]; *America Online, supra,* 90 Cal.App.4th at p. 15 [Consumer Legal Remedies Act; Civ. Code, § 1751]; and *Verdugo, supra,* 237 Cal.App.4th at p. 150 [Lab. Code, § 219, subd. (a)].) As *Lathrop, Hardy,* and the instant case all rest on the analogous substantive and statutory antiwaiver provision set forth in the Song-Beverly Act, the Supreme Court's ruling in *EpicentRx* does not change our analysis.

7

the forum selection clause. (*Hardy, supra,* 108 Cal.App.5th at p. 458, review granted.) We turn then to caselaw on the severance of unconscionable terms in contracts, many of which arise in the arbitration context.

## IV. The Postdispute Agreement to Use California Law Is an Attempt to Rewrite the Contract and Violates Public Policy

First, our Supreme Court has instructed that the time to look at a contract for unconscionability is as of the date it is written. (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 503 (*Ramirez*) ["[W]hether a contract 'works unconscionable hardship is determined with reference to the time when the contract was made' and cannot be resolved in hindsight, 'considering circumstances of which the contracting parties were unaware.' "].) Thus, a court may not "rewrite the contract to avoid the unconscionability embedded in its unambiguous terms." (*Id.* at p. 512.)

Whether Forest River is willing now to abide by the Song-Beverly Act does not change the fact that the warranty as written, choosing Indiana law, is void and against public policy as to California consumers, and hence substantively unconscionable. Our Supreme Court has held that such willingness " 'can be seen, at most, as an offer to modify the contract; an offer that was never accepted. No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it.' " (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 125 (*Armendariz*), abrogated in part by *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 340; see also *The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, 794, review granted Feb. 11, 2025, S288469, disapproved in part on other grounds by *EpicentRx, Inc. v.*

*Superior Court, supra,* __Cal.5th __ at p. __ [2025 WL 2027272 at p. *13, fn. 7] [a purported stipulation not to enforce a jury waiver was an unaccepted offer, and "a court order could not transform it into a binding modification or stipulation"].)

However, in determining whether to sever an unconscionable provision, "the court should also ask whether the unconscionability *should* be cured through severance or restriction because the interests of justice would be furthered by such actions." (*Ramirez, supra*, 16 Cal.5th at p. 516.) "This part of the inquiry focuses on whether mere severance of the unconscionable terms would function to condone an illegal scheme and whether the defects in the agreement indicate that the stronger *party* engaged in a systematic effort to impose arbitration on the weaker party not simply as an alternative to litigation, but to secure a forum that works to the stronger party's advantage. [Citation.] *If the answer to either of these is yes, the court should refuse to enforce the agreement.*" (*Id.* at pp. 516–517, italics added.)

Thus, "the doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme. [Citations.] The overarching inquiry is whether ' "the interests of justice . . . would be furthered" ' by severance." (*Armendariz, supra,* 24 Cal.4th at p. 124.) Referring specifically to a clause in an agreement that limited damages, the Supreme Court went on to explain that "[a]n employer will not be deterred from routinely inserting such a deliberately illegal clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter. In that sense, the enforcement of a form arbitration agreement containing such

9

a clause drafted in bad faith would be condoning, or at least not discouraging, an illegal scheme, and severance would be disfavored unless it were for some other reason in the interests of justice." (*Id.* at p. 124, fn. 13.)

The Supreme Court in *Ramirez* similarly touched on this issue, explaining that "[i]n conducting this analysis, the court may also consider the deterrent effect of each option . . . . [S]evering multiple unconscionable provisions from an agreement and enforcing the remainder could 'create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place.' [Citation.] Although there are no bright-line numerical rules regarding severance, it is fair to say that the greater the number of unconscionable provisions a contract contains the less likely it is that severance will be the appropriate remedy." (*Ramirez*, *supra*, 16 Cal.5th at p. 517.)

And the Supreme Court in *Ramirez* further quoted Civil Code section 3513 for the proposition that " '[a]ny one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement.' " (*Ramirez, supra*, 16 Cal.5th at p. 503.)

Here, we conclude that even if the trial court had the power to accept a one-sided "stipulation" to sever the unconscionable terms (here, the choice of law provision as well as the other ones

mentioned by Severo[3]) after a dispute has arisen, to do so would violate California public policy for the reasons explained in *Ramirez* and *Armendariz*. For while an order to ensure the use of California law in the Indiana court "protects the rights of the plaintiffs who are savvy enough to obtain experienced legal representation, file in California, and argue the forum selection clause implicates their unwaivable statutory rights, other California consumers, compelled by the forum selection clause, may file suit in Indiana and only later discover that Indiana's lemon law does not cover motorhomes and that they have given up unwaivable California statutory rights. Still others may be deterred from pursuing their claims at all." (*Lathrop*, *supra*, 105 Cal.App.5th at p. 821, review granted.) Accepting the proposed stipulation "would also create an incentive for [the defendant] to continue to include admittedly unenforceable provisions in its warranties and would deter [it] from revising its warranty to comply with California law." (*Ibid.*) That these provisions may be valid in other states does not eliminate Forest River's obligations to follow California law, if Forest River wishes

---

[3]      Severo claimed in the trial court that other provisions were also unconscionable, including a 90-day statute of limitations, making the buyer responsible for all costs incurred in obtaining warranty services, permitting Forest River to require the buyer to deliver the vehicle to a service facility in Indiana, requiring the buyer to permit Forest River to repair the vehicle, rather than either the manufacturer or its representative, and disclaiming responsibility for consequential or incidental damages; all of which are different under the Song-Beverly Act. In reply, Forest River did not disagree that these provisions may be contrary to the Song-Beverly Act, but merely argued they could be severed.

11

to do business with the state's consumers without running afoul of the state's vigorous consumer laws.

Forest River relies heavily on the case of *Verdugo*, *supra*, 237 Cal.App.4th 141, which discussed the possibility a defendant might be able to stipulate to apply California law. However, the discussion of a possible stipulation in *Verdugo* is clearly dicta, as the court did not reach the issue of whether an actual stipulation made the forum selection clause enforceable. Instead, in *Verdugo*, the court noted that the defendant there "could have eliminated any uncertainty on which law a Texas court would apply by stipulating to have a Texas court apply California law in deciding [the plaintiff's] claims, but [the defendant] did not do so." (*Id.* at p. 158.)

In fact, *Verdugo* considered, and rejected, an argument that is similar to the one made here by Forest River. The court in *Verdugo* noted that "at oral argument, [the defendant] argued we should affirm the trial court's ruling because the court stayed rather than dismissed the action, and therefore the trial court retains jurisdiction to lift the stay if the Texas court refuses to apply California law. According to [the defendant], the ability to resume the action if 'something goes awry' is the reason California trial courts generally are required to stay rather than dismiss an action when ordering parties to litigate their dispute in a foreign jurisdiction under the forum non conveniens doctrine." (*Verdugo*, *supra*, 237 Cal.App.4th at p. 161.)

Rejecting that argument, the *Verdugo* court noted that the defendant "overstate[d] a trial court's authority to resume an action after staying it on forum non conveniens grounds." (*Verdugo*, *supra*, 237 Cal.App.4th at p. 161.) The court first raised a concern whether the court *could* lift the stay if the Indiana

court declined to apply California law, given existing law. (*Ibid.*) The court went on to note that "[i]f the trial court sought to resume proceedings every time the foreign jurisdiction made an adverse ruling, the unseemly conflicts among jurisdictions that the forum non conveniens doctrine is designed to eliminate would be commonplace." (*Id.* at p. 162.) It concluded: "Accordingly, the possibility the trial court could resume proceedings on [the plaintiff's] claims fails to establish enforcing the forum selection clause would not diminish [the plaintiff's] unwaivable statutory rights under the Labor Code." (*Ibid.*)

Similarly, in *America Online*, the Court of Appeal rejected a similar plea from the defendant that the trial court erred "in not granting [the plaintiff's] request for a stay of the California action to allow the Virginia court to determine whether the relief available to [the real party in interest] i[s] consistent with California consumer law." (*America Online, supra,* 90 Cal.App.4th at p. 20.) There, the court noted "[the plaintiff] suggests no procedural device which would allow a California court to proceed with the underlying case after a Virginia court has ruled," citing the full faith and credit clause of the United States Constitution. (*America Online,* at p. 21.)

Thus, even if the trial court had properly considered the public policy and deterrence factors that are mandated by *Armendariz* and *Ramirez,* which it did not, we share the concerns in *Verdugo* and *America Online* regarding how, and at what point, the California trial court would or could entertain a motion to lift the stay. The trial court's order noted that "should the Indiana courts decline to apply [Severo's] Song-Beverly Act rights in their jurisdiction, [Severo] may move to lift the stay in this Court." Would it be proper to do so whenever the Indiana court

13

made a ruling that Severo believed contrary to the requirements of the Song-Beverly Act, even though the Indiana court stated that it was following California law?

In sum, the ruling allowing the case to be transferred to Indiana subject to lifting the stay in California if the Indiana court declines to follow the Song-Beverly Act neither follows California law regarding when to adjudicate unconscionability and how to determine whether to sever the unenforceable provisions of a contract, nor aligns with basic principles of comity. Accordingly, we conclude the trial court improperly applied the correct legal standard and reverse for an order denying the motion.

## DISPOSITION

The order is reversed and remanded. The trial court is ordered to enter an order denying the motion to dismiss or stay. Appellant is awarded his costs on appeal.


RICHARDSON, J.


WE CONCUR:


ASHMANN-GERST, Acting P. J.


STRATTON, J.*

---

\* Presiding Justice of the Court of Appeal, Second Appellate District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.